IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Corey James Bailey, | ) | C/A No. 0:24-6375-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Shana Peeler; Jennifer Neely; Melina Brakles; Mark Blanton, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Corey James Bailey, a self-represented pretrial detainee, filed this matter pursuant to 42 U.S.C. § 1983 against the above-captioned defendants.[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a report and recommendation on the defendants' motion for summary judgment.  (ECF No. 37.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion.  (ECF No. 38.)  Plaintiff filed a response in opposition (ECF No. 41), and the defendants replied (ECF No. 42).  Having reviewed the record presented and the applicable law, the court finds that the defendants' motion should be granted.

## BACKGROUND

The following facts are taken in the light most favorable to Plaintiff, to the extent they find support in the record.  The events at issue in this matter began shortly after Plaintiff's arrival on

---

[1] Defendant Shanna Peeler is more correctly identified as "Shana Peeler," Defendant Melina Brackles is more correctly identified as "Melina Brakles," and Defendant M.A. Blanton is more correctly identified as "Mark Blanton." (Defs.' Mem. Supp. Summ. J., ECF No. 37-1 at 1.) The clerk of court is directed to amend the docket to reflect the caption of this report and recommendation.

July 17, 2024 at the Spartanburg County Detention Center.  Plaintiff alleges that he broke a tooth while eating, which caused an infection.  He was seen by the detention center medical staff on August 18, 2024 and was observed by the detention center medical staff as having signs of a potential dental abscess near his back right molars.  Over the next month and a half, Plaintiff was treated for this abscess with three rounds of antibiotics, which resolved the abscess.  In mid-October, Plaintiff again complained of tooth pain.  This time, his pain stemmed from one of his front right teeth—specifically, his number six tooth.  The detention center medical staff observed signs of a potential abscess to tooth number six, and over the next three-and-a-half months Plaintiff was prescribed three rounds of antibiotics for this tooth.  When the abscess did not resolve, Plaintiff was transported in February 2025 to Mission Dental South Carolina to receive specialized care from a dentist, who extracted tooth number six and tooth number seven.  (See generally Am. Compl., ECF No. 15; Defs.' Mem. Supp. Summ. J., ECF No. 37-2.)

The court construed Plaintiff's Amended Complaint as asserting claims pursuant to 42 U.S.C. § 1983 of deliberate indifference to a serious medical need under the Fourteenth Amendment.  (ECF No. 17 at 1.)  No party challenged the court's construction of these claims.  (See Order, ECF No. 25.)  Plaintiff's pleadings seek monetary damages and injunctive relief to see a dentist.[2]

---

[2] Plaintiff filed his initial complaint in November 2024 and his Amended Complaint in January 2025 prior to the completion of his antibiotic treatment for his number six tooth and his subsequent transport in February 2025 to see a dentist.  Accordingly, Plaintiff's claim for injunctive relief is moot.

# DISCUSSION

### A.     Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see,

e.g., Erickson v. Pardus, 551 U.S. 89 (2007), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.        Fourteenth Amendment—Due Process**

It is well settled that pretrial detainees possess a constitutional right "to be free from punishment," and this right, as derived from the Due Process Clause of the Fourteenth Amendment, protects such detainees from any form of punishment "prior to an adjudication of guilt in accordance with due process of law."  See Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979).  This settled principle applies "to substantive and procedural due process claims pursued by pretrial detainees."  Williamson v. Stirling, 912 F.3d 154, 174 (4th Cir. 2018); see Dilworth v. Adams, 841 F.3d 246, 251-53 (4th Cir. 2016) (applying Bell to a pretrial detainee's procedural due process claim); Ford v. Bender, 768 F.3d 15, 24-27 (1st Cir. 2014) (distinguishing types of due process claims); Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 250 (4th Cir. 2005) (assessing a pretrial detainee's substantive due process claim under the principles in Bell).

As recognized by the United States Court of Appeals for the Fourth Circuit, the United States Supreme Court's decision in Kingsley v. Hendrickson "repudiates a subjective requirement for pretrial detainees' Fourteenth Amendment claims and permits pretrial detainees to state Fourteenth Amendment claims for deliberate indifference to a serious risk of harm on the purely objective basis that the 'governmental action' they challenge is not 'rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.' " Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023) (quoting Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015)).  The Kingsley Court directed lower courts "to be more solicitous of the Fourteenth

Amendment claims of a pretrial detainee than the Eighth Amendment claims of a post-conviction detainee," because "pretrial detainees (unlike convicted prisoners) cannot be punished at all." Id. at 609. Accordingly, "because there is no need [], as there might be in an Eighth Amendment case, to determine when punishment is unconstitutional, the heightened, subjective Eighth Amendment deliberate indifference standard does not extend to Fourteenth Amendment cases. For a Fourteenth Amendment claim, it is enough that the challenged action is not rationally related to a legitimate nonpunitive purpose or is excessive in relation to that purpose." Kingsley, 576 U.S. at 400-01.

To establish a claim for deliberate indifference to a serious medical need, a pretrial detainee must show that "(1) [he] had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." Short, 87 F.4th at 611 (citing Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017); Gordon v. County of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018); Miranda v. County of Lake, 900 F.3d 335, 352-53 (7th Cir. 2018); Brawner v. Scott County, 14 F.4th 585, 596-97 (6th Cir. 2021)). As the Short Court clarified:

> The objective test we adopt today differs from our prior subjective test in one respect only. The plaintiff no longer has to show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm. That showing remains sufficient, but it is no longer necessary. Now, it is sufficient that the plaintiff show that the defendant's action or inaction was, in [Kingsley v. Hendrickson]'s words, "objectively unreasonable," [576 U.S. 389, 397 (2015)]: that is, the plaintiff must show that the defendant should have known of that condition and that risk, and acted accordingly. Or as the Supreme Court put it when describing civil recklessness in [Farmer v. Brennan, 511 U.S. 825 (1994)], it is enough that the plaintiff show that the defendant acted or failed to act "in the face

> of an unjustifiably high risk of harm that is either known or so obvious that it should be known." Farmer, 511 U.S. at 836. We go no further.

Short, 87 F.4th at 611. Notably, "liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." Kingsley, 576 U.S. at 396. Additionally, a difference of opinion between an inmate and the medical staff regarding the inmate's medical treatment is insufficient to state a claim of deliberate indifference. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (finding that inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and the medical personnel does not rise to the level of a constitutional violation). The defendants appear concede the first element of the Short test, but argue that no reasonable jury could conclude that element 2 or 3(b) has been satisfied. (See Defs.' Mem. Supp. Summ. J., ECF No. 37-1 at 6.)

In support of their motion for summary judgment, the defendants provide affidavit testimony from Shana Peeler, a licensed nurse practitioner who has worked at the Spartanburg County Detention Center since April 2023. Peeler avers that the detention center does not have an "in-house" dentist on staff, but the parties do not dispute that nurse practitioners such as Peeler are qualified to determine the medical necessity of a proposed treatment for a patient, including whether a patient needs to be referred to a dentist for specialized dental care that cannot be provided at the detention center. (Peeler Aff. ¶¶ 9-10, ECF No. 37-2 at 2; Pl.'s Resp. Opp'n, ECF No. 41 at 2.) The parties also agree that the detention center's policy is to treat dental abscesses with three rounds of antibiotics before scheduling a patient to be seen by an outside dentist. (Peeler Aff. ¶ 12, ECF No. 37-2 at 2; Pl.'s Resp. Opp'n, ECF No. 41 at 2.) Plaintiff argues in his response that the defendants did not comply with this policy because Plaintiff had received more than three rounds of antibiotics for "dental issues" and had still not been seen by a dentist at the time he filed his federal lawsuit. (Pl.'s Resp. Opp'n, ECF No. 41 at 3.)

Plaintiff's arguments are misplaced. As an initial matter, to the extent Plaintiff's claim is based on an alleged violation of a detention center policy, § 1983 provides relief from a violation of federal constitutional rights, not from a violation of prison-created policies or procedures. Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992). Violations of prison policies alone do not rise to the level of a constitutional deprivation. See id. at 44 (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983); cf. Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (recognizing that, if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Turning to whether the defendants' actions rose to the level of a constitutional violation, the defendants rely on Peeler who, in her sworn affidavit testimony, summarizes Plaintiff's relevant medical records. She avers that, while Plaintiff did receive three rounds of antibiotics on August 20, 2024; September 6, 2024; and September 25, 2024; these prescriptions all pertained to a potential dental abscess affecting Plaintiff's two back molars. (Peeler Aff. ¶¶ 17-20, ECF No. 37-2 at 3-4.) Peeler testifies that the medical records show that on October 3, 2024, Plaintiff was seen for complaints of tooth pain and prescribed ibuprofen, but that the abscess of which Plaintiff had previously complained had resolved. (Id. at ¶ 22, ECF No. 37-2 at 4.) According to Peeler, when Plaintiff was seen a little over a week later on October 12, 2024, he complained of pain to his number six tooth, which is one of the front right teeth. (Id. ¶ 23, ECF No. 37-2 at 4-5.) Peeler testifies that the medical provider observed signs of a potential abscess to tooth number six and prescribed an antibiotic. (Id.) Plaintiff was examined again in November 2024 and the abscess to Plaintiff's number six tooth had resolved. (Peeler Aff. ¶ 24, ECF No. 37-2.) Around this time, Plaintiff filed his federal complaint, which he later amended on December 31, 2024. (ECF Nos. 1, 12.) However, Peeler's undisputed testimony shows that Plaintiff was

prescribed a second round of antibiotics for tooth number six when a potential abscess was observed on December 9, 2024; that it appeared the abscess had resolved when no signs of a dental abscess affecting tooth number six were apparent during oral examinations on December 22, 2024, December 28, 2024, and January 14, 2025; and that a third round of antibiotics was prescribed for tooth number six on January 25, 2025 when a potential abscess was observed. (Peeler Aff. ¶¶ 25-29, ECF No. 37-2 at 5-6.) On February 10, 2025—just over two weeks later[3]—Plaintiff was transported outside the detention center to receive specialized care from a dentist, who extracted Plaintiff's tooth number six and tooth number seven. Additionally, Plaintiff was prescribed pain medication on multiple occasions between September 2024 and January 2025. (Peeler Aff. ¶¶ 21-29, ECF No. 37-2 at 5-6.)

Notably, Plaintiff does not dispute Peeler's summary of his medical records. Rather, in response to the defendants' motion, Plaintiff argues that the defendants' evidence fails to acknowledge unspecified additional complaints that he made on multiple other dates to unknown individuals.[4] (Pl.'s Resp. Opp'n, ECF No. 41 at 9.) He also argues that a nameless person told him he could have his teeth pulled when he was released from the detention center. (Id. at 2.) The defendants point out in reply that neither of these arguments refutes the defendants' evidence that Plaintiff was routinely seen and received treatment for his complaints during the time period at issue. (ECF No. 42.) Moreover, it is unclear how Plaintiff's arguments pertain to the action or

---

[3] Peeler testifies that a round of antibiotics typically takes about seven to ten days to complete. (Peeler Aff. ¶ 12, ECF No. 37-2 at 2.)

[4] Plaintiff also appears to imply in his response that the defendants did not provide him with requested medical reports and records and that he never received a scheduling order from the court. (Pl.'s Resp. Opp'n, ECF No. 41 at 10.) Review of the docket shows that that Plaintiff did not file any motions for subpoenas or to compel discovery from the defendants. Furthermore, the court's scheduling order was mailed to Plaintiff at his address of record—which has remained consistent during the pendency of this matter—and was not returned to Clerk of Court as undeliverable.

inaction of any named defendant, as he fails to identify the individuals involved. Cf. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution).

Plaintiff also appears to raise a new claim in his response alleging that during his February 2025 visit to the dentist, the dentist "stated the abscess[ed] tooth was dealt with," but told Plaintiff that he "had several teeth that needed to be pulled" but the dentist "was only authorized" to pull two teeth. (Pl.'s Resp. Opp'n, ECF No. 41 at 10.) The court notes that Plaintiff's additional claim cannot be considered, as it was not raised in the operative complaint construed by the court. See Cutera v. Bd. of Supervisors of La. State Univ., 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but rather is raised only in response to a motion for summary judgment is not properly before the court."); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment"). To the extent Plaintiff attempts to rely on the dentist's opinion in support of his claim that that the defendants' treatment violated Plaintiff's constitutional rights, such argument fails, as Plaintiff's limited summary of the dentist's vague comment is insufficient to suggest that the defendants' actions were objectively unreasonable.

In conclusion, Plaintiff has utterly failed to show that the defendants' actions in recognizing and treating Plaintiff's condition were "objectively unreasonable." Short, 87 F.4th at 611. Rather, the record shows that Plaintiff was routinely seen by the detention center medical staff, that Plaintiff's abscesses were treated with antibiotics, that Plaintiff was provided medication for his complaints of pain, and that Plaintiff was referred to a dentist outside the detention center when Plaintiff's abscess on his number six tooth did not resolve after three rounds of antibiotics. Although Plaintiff believes he should have been referred to a dentist sooner, Plaintiff's difference

of opinion with the defendants' treatment of Plaintiff's medical condition is insufficient to state a claim of deliberate indifference. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Accordingly, on this record, no reasonable jury could find that the defendants were deliberately indifferent to Plaintiff's medical needs.

## RECOMMENDATION

For the foregoing reasons, the defendants' motion for summary judgment should be granted. (ECF No 37.)

January 12, 2026  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).