IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Corey James Bailey,<br><br>                    Plaintiff,<br><br>v.<br><br>Shana Peeler, Jennifer Neely, Melina Brakles, and Mark Blanton.<br><br>                    Defendants. | Case No. 0:24-cv-06375-SAL<br><br><br>**ORDER** |

Plaintiff Correy James Bailey ("Plaintiff"), proceeding pro se, brings this action against Defendants Shana Peeler, Jennifer Neely, Melina Brakles, and Mark Blanton (collectively, "Defendants"), members of the Spartanburg County Detention Center medical staff. Plaintiff asserts claims under 42 U.S.C. § 1983, alleging defendants were deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment. *See* ECF Nos. 1, 12; *see also* ECF No. 17 (construing the complaint as purporting to assert only a Fourteenth Amendment deliberate indifference claim). Defendants moved for summary judgment, ECF No. 37, and Plaintiff opposes the motion. [ECF No. 41.]

This matter is before the court on the Report and Recommendation ("Report") issued by United States Magistrate Judge Paige J. Gossett, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends granting Defendants' motion. [ECF No. 47]. Plaintiff objects. [ECF No. 49.] For the reasons below, the court adopts the Report and its ultimate recommendation.

1

**LEGAL STANDARD**

I.     **Review of a Magistrate Judge's Report**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id*. To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id*. But "[i]n the absence of specific objections . . . , this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009) (emphasis in original).

II.     **Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences

and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of proving to the court that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

Courts must liberally construe complaints filed by pro se plaintiffs. *Gowen v. Winfield*, 130 F.4th 162, 171 (4th Cir. 2005). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Still, the "special judicial solicitude" applicable to pro se complaints "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (1990). Accordingly, the court may not ignore a clear failure in the pleadings to allege facts which set forth a federal claim, *id.*, nor can the court presume a genuine issue of material fact where none exists. If none can be shown, summary judgment should be granted. Fed. R. Civ. P. 56(c).

## DISCUSSION

**I.     Report**

The magistrate judge issued a thorough Report, recommending this court grant Defendants' motion for summary judgment [ECF No. 47.] The Report sets forth in detail the relevant facts and standards of law, and this court incorporates those facts and standards with only a brief synopsis.

**A.     Factual Background**

Shortly after arriving at the Spartanburg County Detention Center in July of 2024, Plaintiff alleges he broke a tooth while eating, resulting in an infection. *Id.* at 2. On August 18, 2024, Defendants examined Plaintiff and observed signs of a potential dental abscess near his back right molars. *Id.* They treated him with three rounds of antibiotics, which resolved the abscess.[1] *Id.* In mid-October, Plaintiff again complained of tooth pain, this time involving his front right teeth. *See id.* The medical staff discovered symptoms of another potential abscess and prescribed three additional rounds of antibiotics. *Id.* The antibiotics, however, did not resolve the abscess this time. *Id.* So, in February of 2025, Plaintiff was referred to Mission Dental South Carolina to receive specialized care from a dentist, who extracted teeth numbers six and seven. *Id.*

**B.     The Magistrate Judge's Recommendation**

The magistrate recommends granting Defendants' motion for summary judgment on Plaintiff's Fourteenth Amendment claim because he fails to show that Defendants' actions in recognizing and treating Plaintiff's condition were objectively unreasonable. *Id*. at 9 (quoting *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023)).

---

[1] The detention center's policy is to treat dental abscesses with three rounds of antibiotics before scheduling a patient to be seen by an outside dentist. [ECF No. 47 at 6.]

She explains that Plaintiff's argument—that Defendants should have sent him to a dentist sooner—is misplaced. *See id.* at 6–7, 9. First, she notes that, "to the extent Plaintiff's claim is based on an alleged violation of a detention center policy, § 1983 provides relief from a violation of federal constitutional rights, not from a violation of prison-created policies or procedures." *Id.* at 7 (citing *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992)). Second, she concludes that Defendants' actions did not rise to the level of a constitutional violation because the undisputed summary of Plaintiff's medical records shows Defendants appropriately addressed his abscesses. *See id*. at 7–9.

The magistrate judge also notes that Plaintiff's opposition brief does not meaningfully challenge the medical evidence but instead raises arguments unrelated to Defendants' conduct and attempts to raise a new, unsubstantiated claim that the dentist recommended additional extractions that Defendant Peeler would not authorize. *See id*. at 8–9 (citing ECF No. 41 at 10). The magistrate judge finds Plaintiff fails to demonstrate Defendants' actions were objectively unreasonable and recommends the court grant Defendants' motion for summary judgment because "no reasonable jury could find that [D]efendants were deliberately indifferent to Plaintiff's medical needs." *Id.* at 9–10.

C. **Plaintiff's Objections**

Plaintiff raises two objections to the Report. [ECF No. 49.] First, he claims he never received a scheduling order. *Id.* He argues that, because of this, he did not understand he needed to file a motion to compel discovery responses. *See id*. A review of the docket, however, shows the court's scheduling order was mailed to Plaintiff at his address of record and was not returned as undeliverable. [ECF No. 47 at 8 n.4; ECF No. 26.] Further, even if Plaintiff did not receive it, a scheduling order does not explain the discovery process, and thus the alleged lack of receipt would

5

not have prejudiced him. Finally, Plaintiff's expectation that the court would assist him in obtaining discovery is misplaced, as the court may not advise litigants how to prosecute their cases. *See W. Sur. Co. v. Beck Elec. Co., Inc.*, No. 3:06CV383, 2007 WL 9778110, at *1 (W.D.N.C. Dec. 17, 2007) ("The Court cannot and will not advise a civil litigant how to proceed with the prosecution or defense of his case."); *see also Pliler v. Ford*, 542 U.S. 225, 226 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegals to pro se litigants."). Therefore, the court overrules this objection.

Second, Plaintiff repeats his allegation that Defendant Peeler authorized extraction of only two teeth despite the dentist's recommendation that more teeth needed removal. [ECF No. 49 at 2; ECF No. 41 at 10.] This claim, however, is not properly before the court because Plaintiff failed to raise it in his complaint. *See* ECF No. 1; *see also Cutera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but rather is raised only in response to a motion for summary judgment is not properly before the court."); *White v. Roche Biomedical Labs., Inc.*, 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment"); *Gillaspie v. Del Toro*, No. 219CV00453DCNMHC, 2022 WL 909386, at *7 (D.S.C. Mar. 29, 2022) (holding that a party cannot raise new arguments for the first in their objections to a magistrate judge's report). Therefore, the court overrules both objections to Report and adopts the Report in full.

## CONCLUSION

After reviewing the Report, the applicable law, and the record of the case in accordance with the above standards, the court adopts the Report of the magistrate judge. Defendants' motion for summary judgment, ECF No. 37, is **GRANTED.**[2]

**IT IS SO ORDERED.**

February 17, 2026  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge

---

[2] As a result of this matter's dismissal, Plaintiff's motion to appoint counsel, ECF No. 49, is terminated as moot.